IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM B. COOPER and<br>RENATA COOPER,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITIFINANCIAL SERVICES, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 1:11CV177-WKW<br>)<br>)<br>)<br>) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiffs William B. Cooper and Renata Cooper proceed *pro se* and *in forma pauperis* in this action. (Doc. # 2, #7). They commenced this action with a complaint filed on March 14, 2011 (Doc. # 1), and they amended their complaint on March 17, 2011 (Doc. # 3). The court determined that their complaint, as amended, was due to be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for a violation of federal law and because – to the extent that plaintiffs' complaint brings state law claims – plaintiff had failed to allege facts supporting diversity jurisdiction and, therefore, the court should decline to exercise supplemental jurisdiction over those claims. (Recommendation, Doc. # 7). In their objection to the recommendation, plaintiffs asserted that defendants had violated their rights under the Truth in Lending Act, the Real Estate Settlement Practices Act and the Fair Credit Reporting Act. (Doc. # 8). In view of this representation, the court vacated its recommendation and allowed plaintiffs an opportunity to amend their complaint, giving them specific requirements for the amendment. (Doc. # 10). The court advised

plaintiffs, *inter alia*, that their amended complaint must include all the claims they intend to pursue in this action, should not incorporate any other document or previous complaint by reference, and – most importantly – that it "must include, in separate numbered paragraphs, *a 'short and plain statement' of the facts*" giving rise to their claims. (Id., p. 3)(emphasis added).

Plaintiffs filed their third complaint on May 11, 2011 (Doc. # 11).[1] In this amended complaint, they have withdrawn their claims against three parties they had sued initially: Peggy Layton, Kay Jackson and Real Estate Services of Dothan.[2] They have added the State of Alabama, Governor Bentley and Attorney General Strange as defendants, and they continue to assert claims against CitiFinancial Services. Most of plaintiffs' complaint is devoted to criticism of the Alabama constitution. (Doc. # 11, pp. 1-3). They cite Alabama's "long history of defying federal law" and the high rate of foreclosures in Alabama (which they contend, apparently, is due to uncertainty over the law created by the "outdated state constitution"), and allege that they have suffered "irreparable harm."

The amended complaint does not comply with the court's order that plaintiffs include, in separate numbered paragraphs, a short and plain statement of the facts giving rise to their claims. Indeed, the amended complaint includes very few facts at all. Within the *ad damnum* portion of the amended complaint, plaintiffs allege that they are seeking damages for

---

[1] Plaintiffs filed another amendment two days later to include a jury demand they inadvertently omitted from the amendment filed on May 11, 2011. (See Doc. # 12).

[2] Plaintiffs state that they were doing so "after receipt of request from this court to eliminate persons (as defendants)." (Doc. # 11, p. 1). The court made no such request.

violation of their civil rights, under 42 U.S.C. § 1983, "for the racial undertones CitiFinancial displayed toward them by never putting in the mail, plaintiffs expected, as 'Chase', a CitiFinancial employee promised he was sending them, and after plaintiffs had paid CitiFinancial office at its Dothan, Alabama office in May 2010." (Doc. # 11, p. 3, ¶ 1). They further allege that they "moved into the former home of Peggy Layton, 1300 Circleview Drive, Dothan, right away." (Id.). Other than these allegations, and the allegations of fact regarding the Alabama Constitution, the amended complaint includes no allegations of fact.

Like plaintiffs' earlier complaints, the amended complaint now before the court includes no indication that defendant CitiFinancial is anything other than a non-governmental commercial entity, and no allegations of fact suggesting that CitiFinancial acted under color of state law so as to be subject to liability under 42 U.S.C. § 1983.[3] See Christman v. Walsh, 2011 WL 721302, *3-4 (11th Cir. Mar. 2, 2011)(unpublished opinion)(citing Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1277 (11th Cir. 2003) and Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002) and finding that "the amended complaint failed to state a claim against [a private defendant] because it did not include any allegations showing that [the defendant] acted under color of state law"); see also Bias v. Crosby, 346 Fed. Appx. 455, 456 (11th Cir. 2009)(unpublished opinion)("Notably, the 'under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.' A private party will be viewed as a

---

[3] The court advised plaintiffs of this requirement in its previous recommendation. See Doc. # 7, pp. 2-3).

3

state actor for § 1983 purposes only in rare circumstances, such as when the state has played an affirmative role by encouraging, conspiring, or acting in concert with the private actor in the particular conduct underlying the claimant's civil rights grievance.")(citations omitted). Accordingly, plaintiffs have again failed to state a §1983 claim against CitiFinancial.

In the remaining numbered paragraphs of the *ad damnum* section of their complaint, plaintiffs state that they seek damages "[i]n violation of code 15 USC 1602" and "[i]n violation in Federal Trade Commission 15 USC, 1602 failing to provide full disclosure to transaction and understand fully the terms what it meant." (Doc. # 11, pp. 3-4, ¶¶ 3, 5).[4] However, plaintiffs have alleged no *facts* in support of this claim. Plaintiffs also allege that they seek damages "[f]or violations of the 'Truth-in-lending Act 12 U.S.C. 2606, sec (2a) for taking money and not following through agreement for home mortgage assumption." (Id., at ¶ 2).[5] Again, they have alleged no facts which state a claim under the cited statute. They further assert that they seek damages for "1692G failing to give full disclosure as to rates, principal amounts and balance principal for home. In violation of Title V111 of consumer

---

[4] The statutory provision cited by plaintiffs contains definitions and rules of construction for the consumer credit cost disclosure section of the federal consumer credit statutes. See 15 U.S.C. Ch. 41,Subchapter I, § 1602.

[5] 12 U.S.C. § 2606(a)(2) – presumably the provision upon which plaintiffs rely, as there is no section "2a" – provides an exemption from the requirements of the Real Estate Settlement Procedures Act for transactions extending credit "to government or governmental agencies or instrumentalities." The preceding section of the Act, which establishes a private right of action, pertains to the disclosure of assignment, sale or transfer of loan servicing as to "federally related mortgage loan[s]." 12 U.S.C. § 2605.

protection act, engaging in fraudulent misrepresentations." (Id., at ¶ 4).[6] Plaintiffs have alleged no facts sufficient to state a claim against CitiFinancial under this statutory provision. Thus, despite previous instruction from the court that their amended complaint must include, in separate numbered paragraphs, a short and plain statement of the facts giving rise to their claims for relief, plaintiffs have failed to allege facts within the amended complaint demonstrating that they are entitled to relief against CitiFinancial under the U.S. Constitution, the federal statutes they have cited, or any other federal statute.[7,8]

Additionally, plaintiffs allege no conduct by the State of Alabama, through any of its entities or employees, other than adoption/amendment of the state constitution, which they claim has caused them "irreparable harm." They allege no conduct by Governor Bentley or

---

[6] 15 U.S.C. § 1692g falls within the Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq*. Title VIII of P.L. 95-109 amended the Act "to prohibit abusive practices by debt collectors," adding sections collectively referred to as the "Fair Debt Collection Practices Act." See P.L. 95-109 (Sept. 20, 1977). Section 1692g pertains to validation of debts by a debt collector.

[7] The court has considered whether plaintiffs' allegations state a claim under other federal statutes, including the Equal Credit Opportunity Act. However, plaintiffs' factual allegation regarding discrimination by CitiFinancial amounts to a single phrase in the amended complaint – *i.e.*, that CitiFinancial is liable to them under § 1983 "for the racial undertones [it] displayed toward them" by failing to mail them something promised to them by "Chase." (Doc. # 11, p. 3, ¶ 1). While the court is required to construe plaintiffs' *pro se* complaint broadly, it declines to read the conclusory phrase regarding "racial undertones" to allege sufficient facts to state a discrimination claim under the Equal Credit Opportunity Act or any other federal statute. "Although *pro se* pleadings are to be construed liberally, a court may not 'serve as *de facto* counsel for a party' or 'rewrite an otherwise deficient pleading in order to sustain an action.'" Muhammed v. Bethel, 2011 WL 1885534 (11th Cir. May 18, 2011)(citations omitted).

[8] In its order permitting amendment, the court advised plaintiffs that "if they fail to file an amended complaint *as set forth above* . . . the undersigned Magistrate Judge may recommend dismissal of this action." (Doc. # 10, pp. 3-4)(emphasis added). Plaintiffs have failed to comply with the court's direction that they include, in separate numbered paragraphs, a statement of the facts giving rise to their claim for relief.

Attorney General Strange and, thus, it is clear that these defendants are sued in their official capacities. Plaintiffs seek only monetary damages. (Doc. # 11, pp. 3-4). Plaintiffs' claims for damages against the State of Alabama, Governor Bentley and Attorney General Strange are barred by the Eleventh Amendment. <u>Cross v. State of Ala., State Dept. of Mental Health & Mental Retardation</u>, 49 F.3d 1490 (11th Cir. 1995)(Eleventh Amendment bars § 1983 action against a state absent the state's consent or waiver or Congressional abrogation of the immunity; Congress has not abrogated Eleventh Amendment immunity in § 1983 cases and Alabama has not waived its immunity); <u>Carey v. Free</u>, 272 Fed. Appx. 875, 876-77 (11th Cir. 2008)("State defendants sued in their official capacity for monetary damages under § 1983 are immune from suit under the Eleventh Amendment.")(citation omitted).

## CONCLUSION

The amended complaint filed by plaintiffs fails to comply with the court's order regarding the amendment, fails to include allegations of fact sufficient to state a claim for relief against any of the defendants, and seeks a judgment for monetary damages against the State of Alabama defendants which is barred by the Eleventh Amendment.

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that plaintiffs' federal claims and – to the extent the complaint could be construed to include a state law fraud claim – plaintiffs' state law claims against all defendants be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Additionally, it is ORDERED that: (1) defendants are relieved of any obligation to respond to the complaint until further order of the court; (2) the motion of CitiFinancial for

an extension of time to answer (Doc. # 15) is DENIED as MOOT;[9] and (3) plaintiffs' motion for production of documents (Doc. # 6) is DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before June 9, 2011.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 26th day of May, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[9] The court record does not reflect that defendants have been served with the complaint. However, even if they have been served, the present order relieves them of the obligation to respond at this time.